By the Court.—-Freedman, J.
This action was *150 brought to recover damages for the benefit of the next of kin of the decedent by reason of the death of the decedent alleged to have been caused by the negligence of defendant’s driver. The decedent at the time of his death was 4| years of age. Such an action did not lie at common law. The right of action was first created by Chapter 450 of the Laws of 1847, and the action may now be maintained under Section 1902 of the Code of Civil Procedure by the executor or administrator of the decedent for a wrongful act, neglect or default by which the decedent’s death was caused.
The burden was, therefore, upon the plaintiff to establish, as part of his case and by competent evidence, that a wrongful act, neglect or défault on the part of defendant’s driver was the actual cause of death. The plaintiff, at the trial, did not sustain the burden in this respect. True, it is not necessary that the cause of death should be shown by the testimony of an expert. Where, for instance, a person, on being run over, is killed on the spot, the cause of death is apparent to every ordinary observer. But in the case at bar the boy was taken to a hospital and lived for twenty days thereafter. While there his arm was amputated. No witness described the injuries sustained as sufficiently severe. His little brother-testified that one-wheel of the -car passed over decedent’s hand, but no evidence was given that the injury was sufficient to cause death or to require amputation. The hospital doctors were not placed upon the stand. The surgeon who performed the amputation was not called as a witness. The only witness relied on by the plaintiff to prove that the death of the decedent resulted from the injuries which he sustained on the occasion of the occurrence complained of, was a physician attached to the coroner’s office who had never seen the decedent until after death. This witness ad *151 mitted that he had no personal knowledge as to the character of the injuries which resulted in the amputation; that there were no other signs of violence except the amputated arm ; that the amputation of a person’s arm is not usually fatal ; and.that after amputation it is impossible to tell what the conditions were that necessitated the operation, because the operation would necessarily remove all the indicative features of the case. As the result of a post mortem examination, which he had made and which had disclosed that the left side of the pleura or membrane involving the lung was in a state of acute pleuritic inflammation, he undertook to say that, in his opinion, the cause of death was exhaustion and acute pleurisy following in the wake of the amputation, but he did not account in any way for the origin of the pleurisy. As the case was left, the pleurisy might have come from a cold or exposure before the accident, or from the condition of the boy immediately preceding the accident, although he then appeared in health, or from subsequent unnecessary exposure in the hospital. This being in substance the state of the evidence, there was no sufficient competent proof that the death was the legitimate result of any wrongful act, neglect or default on the part of defendants’ driver, and plaintiff’s complaint was properly dismissed. That being so, it is not necessary to determine whether a sufficient case was made out in other respects.
The judgment should be affirmed with costs.
O’Gdrman, J., concurred.